# United States Court of Appeals For the First Circuit

---

Appeal No. 24-1803

SYLVIA ROLDAN-CRUZ

Plaintiff-Appellant

v.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO POLICE DEPARTMENT

Defendants – Appellees

AGENT SARMIENTO; AGENT SANTIAGO; AGENT PEÑA; AGENT ISAIAS ORTIZ VALENTIN; AGENT CARLOS CRUZ; INSURANCE COMPANY XYZ; COMPANY ABC; JOHN DOE

Defendants

---

Appeal No. 24-1875

LUIS SANTIAGO-CORTES

Plaintiff-Appellant

v.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO POLICE DEPARTMENT; DAVID E. BEAUCHAMP

Defendants – Appellees

INSURANCE COMPANY XYZ; COMPANY ABC; JOHN DOE

Defendants

---

**JOINT APPELLANTS MOTION TO CONSOLIDATE APPEALS**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff-Appellant Sylvia Roldan-Cruz ("Appellant Roldan") and Plaintiff-Appellant Luis Santiago-Cortes ("Appellant Santiago") (jointly "Appellants"), through the undersigned attorney respectfully avers and prays:

## PROCEDURAL BACKGROUND

On July 18th, 2024, the District Court for the District of Puerto Rico ("District Court") notified the Dismissal Order in the case of Appellant Roldan, under the assigned case heading of *Roldan-Cruz v. Commonwealth of Puerto Rico, et als.,* Civ. No. 24-1101. The District Court's Dismissal Order states that the District Court would dismiss all claims against the Co-Defendants Commonwealth of Puerto Rico ("PR") & the Puerto Rico Police Department ("PRPD") (jointly "Defendants") on the grounds of sovereign immunity under the Eleventh Amendment to the United States Constitution.

Meanwhile, on August 12th, 2024, the District Court notified the Dismissal Order in the case of Appellant Santiago, under the assigned case heading of *Santiago-Cortes v. Commonwealth of Puerto Rico, et als.,* Civ. No. 23-1579. The District Court's Dismissal Order states that the District Court would dismiss all claims against the Defendants on the grounds of sovereign immunity under the Eleventh Amendment to the United States Constitution.

On August 16th, 2024, Appellant Roldan filed her notice of appeal of the Dismissal Order of July 18th, 2024. This Honorable Court assigned Appellant Roldan's appeal under the assigned case heading of *Roldan-Cruz v. Commonwealth of Puerto Rico, et als.,* Appeal No. 24-1803. ("First Appeal").

On September 11th, 2024, Appellant Santiago filed his notice of appeal of the Dismissal Order of August 12th, 2024. This Honorable Court assigned Appellant Santiago's appeal under the

assigned case heading of *Santiago-Cortes v. Commonwealth of Puerto Rico, et als.,* Civ. No. 24-1875. ("Second Appeal").

## LEGAL ARGUMENT

**A.  APPELLANTS REQUEST THIS HONORABLE COURT TO CONSOLIDATE THE FIRST APPEAL AND SECOND APPEAL**

After conferring with both Appellants, the Appellants request this Honorable Court to consolidate the First Appeal and Second Appeal because both appeals involve a common question of law that are pending before this Honorable Court.

Rule 42 of the Federal Rule of Civil Procedure ("FRCP") provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 3 (b) (2) of the Federal Rule of Appellate Procedure ("FRAP") states:

> When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

The purpose of consolidation is to "avoid unnecessary costs or delay." *Id.; Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir. 1993). Federal district courts have very broad discretion in deciding whether to consolidate. *Frazier,* 980 F.2d at 1531-32. In deciding whether to consolidate cases, a district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5)

3

whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar County,* No. SA-08-CV-728-XR, 2009 U.S. Dist. LEXIS 108984, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (quoting *Zolezzi v. Celadon Trucking Servs. Inc.,* No. H-08-3508, 2009 U.S. Dist. LEXIS 21226, 2009 WL 736057, at *1 (S.D.Tex. March 16, 2009)); *Russo v. Alamosa Holdings, Inc.,* No. Civ.A. 5:03-CV-312-C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

In both the Appeals of the Appellants, the Appellants are requesting this Honorable Court of Appeals to reverse the decisions of the District Court concerning Eleventh Amendment immunity as applied to Puerto Rico because Puerto Rico's sovereignty is not equivalent to that of a state because it is derived from federal authority pursuant to the Supreme Court case law precedent of *Puerto Rico v. Sanchez Valle*, 579 U.S. 59 (2016).

Both the appeals of the Appellants respectfully understand that the District Court's reliance on Eleventh Amendment immunity overlooks the nuanced distinction between the status of Puerto Rico and that of a state, as clarified in *Puerto Rico v. Sanchez Valle*, *supra*. The Appellants understand that the Supreme Court decision in *Puerto Rico v. Sanchez Valle*, *supra* compels a reassessment of the Defendants' claim to sovereign immunity, particularly when federal claims under Section 1983 are at issue.

Therefore, the appeals of the Appellants request this Honorable Court to consolidate the First Appeal and Second Appeal because (1) both the Appeals are pending before this same Honorable Court, (2) common parties are involved in both the Appeals, that is, the Defendants, whom are invoking the sovereign immunity defense as to the Appellants' claims under 1983, (3)

4

there are common questions of law and/or fact in that both Appellants' are suing the Defendants under 1983 and the Defendants are invoking the sovereign immunity defense as to the Appellants' claims under 1983, (4) there are no risk of prejudice or confusion if the First Appeal and Second Appeal are consolidated, (5) consolidation of the First Appeal and Second Appeal will conserve judicial resources, (6) consolidation will not result in an unfair advantage in the First Appeal and Second Appeal, (7) consolidation will reduce the time for resolving the First Appeal and Second Appeal, and (8) the consolidation will reduce the cost of trying the First Appeal and Second Appeal separately.

## CONCLUSION

Therefore, the Appellants request this Honorable Court to consolidate the First Appeal and Second Appeal because both appeals involve a common question of law that are pending before this Honorable Court.

**WHEREFORE**, the Appellant respectfully request that this Honorable Court to 1) **GRANT** this Motion to Consolidate Appeals, and 2) **ISSUE** any other order it deems just.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this December 30th, 2024.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
1ST CIR NO. 1168570
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*S/VICTOR M. RIVERA-RIOS*
Attorney for the Appellant